UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CYNTHIA RUBIO,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social Security<br>Administration,<br><br>　　　　Defendant. | ) Case No. ED CV 10-1413-SP<br>)<br>)<br>)<br>) **MEMORANDUM OPINION AND**<br>) **ORDER**<br>)<br>)<br>)<br>)<br>) |

**I.**

**INTRODUCTION**

On September 24, 2010, plaintiff Cynthia Rubio filed a complaint against defendant Michael J. Astrue, seeking a review of a denial of supplemental security income ("SSI") benefits. Both plaintiff and defendant have consented to proceed for all purposes before the assigned Magistrate Judge pursuant to 28 U.S.C. § 636(c). The court deems the matter suitable for adjudication without oral argument.

Three disputed issues are presented for decision here: (1) whether the Administrative Law Judge ("ALJ") properly considered the treating physician's opinion; (2) whether the ALJ properly found that plaintiff's mental condition is non-

severe; and (3) whether the ALJ properly developed the record. Joint Stipulation ("JS") at 3-12, 12-15, 15-16, 16-21, 21-23, 23-31, 31-32, 32.

Having carefully studied, inter alia, the parties' joint stipulation, the administrative record, and the prior decisions of the ALJ and this court, the court concludes that, as detailed herein, plaintiff's claim and each of the issues she raises are foreclosed by the administrative res judicata doctrine. In particular, plaintiff's prior SSI claims were denied because an ALJ found, and this court affirmed, that plaintiff was not disabled as she would not suffer from a severe impairment if she stopped abusing drugs. With her new SSI application, the ALJ found that plaintiff failed to demonstrate changed circumstances to rebut the continuing presumption of non-disability created by the prior decision. This court agrees, and finds the ALJ's determination is supported by substantial evidence. Therefore, the court affirms the Commissioner's decision denying benefits.

## II.
## BACKGROUND

### A. Factual Background

Plaintiff, who was 54 years old on the date of her June 4, 2010 administrative hearing, has an eighth-grade education. *See* Administrative Record ("AR") at 19, 22. Her past relevant work includes employment as a machine cleaner, telephone solicitor, church janitor, machine feeder, and door-to-door sales representative. *Id.* at 52-53. Plaintiff alleges she is disabled due to bipolar disorder, panic attacks, schizophrenia, and cysts in the brain. *Id.* at 82, 146.

### B. Procedural History

Plaintiff has filed a total of two applications for Disability Insurance Benefits ("DIB") and three applications for SSI, including the SSI application at issue herein. JS at 2; AR at 67. On March 7, 2003, plaintiff filed applications for DIB and SSI, alleging that she has been disabled since October 1, 2001 due to asthma, shortness of breath, depression, and panic attacks. AR at 59, 60, 61-62. Her applications were

denied initially and upon reconsideration, after which she filed a request for a hearing. *Id.* at 59. On September 14, 2004, plaintiff, represented by counsel, appeared and testified at a hearing before Administrative Law Judge ("ALJ") Michael D. Tucevich. *Id.* ALJ Tucevich denied plaintiff's request for benefits on October 7, 2004. *Id.* at 59-63. Plaintiff filed a timely request for review of ALJ Tucevich's decision, which was denied by the Appeals Council. *Id.* at 67.

Following the Appeals Council's denial, plaintiff filed an action in this court, case number ED CV 05-0208-CW, seeking review of the Commissioner's decision denying her claim. AR at 67. The matter was remanded for further proceedings pursuant to a stipulation between the parties under sentence four of 42 U.S.C. § 405(g) on June 7, 2006. *Id.* The Appeals Council then remanded the case to a different ALJ for further consideration consistent with this court's remand. *Id.* Additionally, the Appeals Council noted that plaintiff had filed subsequent claims for DIB and SSI on February 3, 2006 that were duplicative of the claims in the earlier applications, and therefore directed that they be associated and addressed together. *Id.* On May 2, 2007, a second hearing was held before ALJ Jay E. Levine where plaintiff, represented by counsel, appeared and testified. *Id.* ALJ Levine denied plaintiff's request for benefits on May 18, 2007. *Id.* at 67-73. Plaintiff then filed a second complaint in this court, case number ED CV 07-1106-CW, on September 10, 2007. This court affirmed the Commissioner's decision and dismissed the action with prejudice. *See* Decision and Order, *Rubio v. Astrue*, No. 5:07-cv-01106-CW, at 10 (C.D. Cal. Aug. 8, 2008), ECF No. 18.

On December 18, 2007, plaintiff filed the application for SSI at issue here, alleging that she has been disabled since November 1, 2005 due to bipolar disorder, panic attacks, schizophrenia, and cysts in the brain. *See* AR at 9, 82, 129-36. Plaintiff's application was denied initially and upon reconsideration, after which she filed a request for a hearing. *Id.* at 80, 81, 82-86, 89, 90-95, 96-100.

On June 4, 2010, plaintiff, represented by counsel, appeared and testified at a

3

hearing before the ALJ. AR at 21-52. The ALJ also heard testimony from Gayle Martin, a vocational expert ("VE"). *Id.* at 52-54. On June 25, 2010, the ALJ denied plaintiff's request for benefits. *Id.* at 9-15.

The ALJ engaged in the well-known five-step sequential evaluation process but, at each step, found pursuant to *Chavez v. Bowen*, 844 F.2d 691, 693 (9th Cir. 1988), that plaintiff had failed to meet her burden to show changed circumstances indicating greater disability since the previous determination that she was not disabled. AR at 12-15.

The ALJ found, at step one, that plaintiff has not engaged in substantial gainful activity since her alleged onset date of disability. AR at 12.

At step two, the ALJ found that plaintiff suffers from severe impairments consisting of "substance abuse, mood disorder secondary to substance abuse, and anxiety/panic attacks secondary to substance abuse." AR at 12 (emphasis omitted).

At step three, the ALJ determined that "[w]ithout evidence to the contrary, [plaintiff's] impairments, including the substance use disorder," met the severity of a listing set forth in the Social Security regulations. AR at 12 (emphasis omitted); *see* 20 C.F.R. pt. 404, subpt. P, app. 1.

The ALJ went on to determine, however, that if plaintiff "stopped the substance use, the remaining limitations would not cause more than a minimal impact on [her] ability to perform basic work activities; therefore, [plaintiff] would not have a severe impairment or combination of impairments." AR at 13 (emphasis omitted). The ALJ specifically found that plaintiff had failed to rebut the presumption of continuing non-disability under *Chavez*. *Id.* Thus, the ALJ found that plaintiff's "substance use disorder is a contributing factor material to the determination of disability" and that plaintiff "would not be 'disabled' if she stopped the substance use." *Id.* at 15 (emphasis omitted). The ALJ therefore concluded that plaintiff was not suffering from a disability as defined by the Social Security Act. *Id.* at 10, 15.

1    Plaintiff filed a timely request for review of the ALJ's decision, which was
2 denied by the Appeals Council. AR at 1-3, 4. The ALJ's decision stands as the final
3 decision of the Commissioner.

## III.
## STANDARD OF REVIEW

6    This court is empowered to review decisions by the Commissioner to deny
7 benefits. 42 U.S.C. § 405(g). The findings and decision of the Social Security
8 Administration must be upheld if they are free of legal error and supported by
9 substantial evidence. *Mayes v. Massanari*, 276 F.3d 453, 458-59 (9th Cir. 2001).
10 But if the court determines that the ALJ's findings are based on legal error or are not
11 supported by substantial evidence in the record, the court may reject the findings and
12 set aside the decision to deny benefits. *Aukland v. Massanari*, 257 F.3d 1033, 1035
13 (9th Cir. 2001); *Tonapetyan v. Halter*, 242 F.3d 1144, 1147 (9th Cir. 2001).

14    "Substantial evidence is more than a mere scintilla, but less than a
15 preponderance." *Aukland*, 257 F.3d at 1035. Substantial evidence is such "relevant
16 evidence which a reasonable person might accept as adequate to support a
17 conclusion." *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1998); *Mayes*, 276 F.3d
18 at 459. To determine whether substantial evidence supports the ALJ's finding, the
19 reviewing court must review the administrative record as a whole, "weighing both
20 the evidence that supports and the evidence that detracts from the ALJ's
21 conclusion." *Mayes*, 276 F.3d at 459. The ALJ's decision "'cannot be affirmed
22 simply by isolating a specific quantum of supporting evidence.'" *Aukland*, 257 F.3d
23 at 1035 (quoting *Sousa v. Callahan*, 143 F.3d 1240, 1243 (9th Cir. 1998)). If the
24 evidence can reasonably support either affirming or reversing the ALJ's decision,
25 the reviewing court "'may not substitute its judgment for that of the ALJ.'" *Id.*
26 (quoting *Matney ex rel. Matney v. Sullivan*, 981 F.2d 1016, 1018 (9th Cir. 1992)).
27 / / /
28

## IV.

## **DISCUSSION**

A. Absent Changed Circumstances, a Prior Finding that Plaintiff Is Not Disabled Creates a Presumption of Continuing Non-Disability

"The principles of res judicata apply to administrative decisions, although the doctrine is applied less rigidly to administrative proceedings than to judicial proceedings." *Chavez*, 844 F.2d at 693 (citation omitted). Administrative res judicata applies if the Commissioner has "made a previous determination or decision . . . about [a claimant's] rights on the same facts and on the same issue or issues, and this previous determination or decision has become final by either administrative or judicial action." 20 C.F.R. §§ 404.957(c)(1), 416.1457(c)(1).

A previous final determination of non-disability creates a presumption of continuing non-disability with respect to any subsequent unadjudicated period of alleged disability. *See Lester v. Chater*, 81 F.3d 821, 827 (9th Cir. 1996); *see also Miller v. Heckler*, 770 F.2d 845, 848 (9th Cir. 1985); *Lyle v. Sec'y of Health & Human Servs.*, 700 F.2d 566, 568-69 (9th Cir. 1983); Social Security Acquiescence Ruling ("SSAR")[1] 97-4(9), 1997 WL 742758. "[I]n order to overcome the presumption of continuing nondisability arising from the first administrative law judge's findings of nondisability, [the claimant] must prove 'changed circumstances' indicating a greater disability." *Chavez*, 844 F.2d at 693 (citing *Taylor v. Heckler*, 765 F.2d 872, 875 (9th Cir. 1985)). In other words, the presumption of non-disability does not apply if, e.g., the claimant proves "a change in the claimant's age category . . . , an increase in the severity of the claimant's impairment(s), the alleged

---

[1] The Commissioner issues SSARs when a "United States Court of Appeals['] holding conflicts with [the Commissioner's] interpretation of provision of the Social Security Act or regulations." 20 C.F.R. § 416.1485(b). SSARs are "binding on all components of the Social Security Administration." 20 C.F.R. § 402.35(b)(2); *accord Pinto v. Massanari*, 249 F.3d 840, 844 n.3 (9th Cir. 2001).

existence of an impairment(s) not previously considered, or a change in the criteria for determining disability." SSAR 97-4(9), 1997 WL 742758, at *3.

### B. Plaintiff Failed to Demonstrate Pertinent Changed Circumstances to Overcome the Presumption of Non-Disability

In this case, the ALJ found that plaintiff's circumstances had not materially changed since the date of the prior decision on May 18, 2007. AR at 12, 13-14, 15. Specifically, the ALJ found that the "medical evidence in the record fails to dispel the finding that [plaintiff] could engage in basic work activities if she stopped substance abuse." *Id.* at 13. Plaintiff contends that she has proven changed circumstances indicating greater disability. JS at 25. This court disagrees.

"[A]n individual shall not be considered to be disabled for the purposes of [benefits under Title XVI of the Social Security Act] if alcoholism or drug addiction would . . . be a contributing factor material to the Commissioner's determination that the individual is disabled." 42 U.S.C. § 1382c(a)(1)(J); *see Sousa v. Callahan*, 143 F.3d 1240, 1242 (9th Cir. 1998) (plaintiff's mental problems during the pertinent period were intertwined and exacerbated by longstanding substance abuse, thereby precluding award of benefits); 20 C.F.R. § 416.935(a) ("If we find that you are disabled and have medical evidence of your drug addiction or alcoholism, we must determine whether your drug addiction or alcoholism is a contributing factor material to the determination of disability . . . ."). It was on this basis that ALJ Levine found plaintiff not disabled in his May 18, 2007 decision, namely, that absent plaintiff's substance abuse she would not have a severe impairment, and therefore she was not disabled within the meaning of the Social Security Act. AR at 71-73.

Here, the only evidence of changed circumstances plaintiff provided as to substance abuse is a Work Capacity Evaluation (Mental) prepared by Kari Enge, M.D. on May 27, 2010. *See* AR at 348-49. The ALJ considered and properly rejected this opinion because it lacked any supporting clinical or laboratory findings. *Id.* at 14. The May 27, 2010 opinion is a two-page report, in which Dr. Enge

7

checked off preprinted choices and did not provide any elaboration or explanation for her opinions. *Id.* at 348-49.  Thus, it was reasonable for the ALJ to refuse to give significant weight to Dr. Enge's opinion in the Work Capacity Evaluation (Mental). *See Batson v. Comm'r*, 359 F.3d 1190, 1195 (9th Cir. 2004) (ALJ properly discounted the opinions of the claimant's treating physicians where those opinions were in the form of checklists, did not have supportive objective evidence, and were contradicted by the other evidence in the record); *Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002) ("ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory, and inadequately supported by clinical findings" (citation omitted)); *Crane v. Shalala*, 76 F.3d 251, 253 (9th Cir. 1996) (ALJ permissibly rejected "check-off reports that did not contain any explanation of the bases of their conclusions" (citation omitted)).

Plaintiff alleges that her psychiatric diagnosis has changed from Mood Disorder to Schizoaffective Disorder since the prior decision on May 18, 2007.  JS at 24-25; *see* AR at 185 (based upon a psychiatric consultative evaluation on March 31, 2006, Linda M. Smith, M.D. found that plaintiff's diagnostic impression was "Mood Disorder, Not Otherwise Specified"), 314 (on April 12, 2010, Dr. Enge diagnosed plaintiff with Schizoaffective disorder), 333 (based upon a psychiatric evaluation on November 5, 2008, Marcia Hudson, M.D. diagnosed plaintiff with Schizoaffective disorder, depressed type), 335 (on April 27, 2008, Dr. Enge diagnosed plaintiff with Schizoaffective, bipolar type, depressed), 341 (on July 20, 2007, Dr. Enge diagnosed plaintiff with Schizoaffective disorder).  But notwithstanding these treatment notes, these diagnoses are not new and do not establish changed circumstances.  A careful review of the record indicates that plaintiff has made similar complaints and was, in fact, diagnosed with panic attacks, depression, and schizophrenia before the prior decision on May 18, 2007.  *See* AR at 188 (on November 2, 2006, Dr. Enge diagnosed plaintiff with schizoaffective disorder and noted that plaintiff was stable on medication but was having unacceptable side-effects), 232 (on May 9, 2006,

1  plaintiff was diagnosed with panic attacks, bipolar disorder, depression, and
2  schizophrenia), 233 (on February 19, 2004, plaintiff was diagnosed with depression,
3  asthma, and schizophrenia),  283-84 (on May 10, 2006, treatment notes indicated
4  that plaintiff has a history of depression and paranoid schizophrenia), 342 (on March
5  2, 2007, Dr. Enge diagnosed plaintiff with schizoaffective disorder).  Thus,
6  plaintiff's assertion that her diagnosis of schizoaffective disorder proves changed
7  circumstances indicating greater disability since the prior decision is unpersuasive.
8  In any event, these diagnoses do not address plaintiff's substance abuse, nor
9  demonstrate that her substance abuse is not a contributing factor to her disability.

10       Plaintiff also asserts that her Global Assessment of Functioning ("GAF")
11  rating has decreased from 62 to 50 since the prior decision.[2/]  JS at 25 ("Dr. Enge
12  and Dr. Hudson determined on July 20, 2007, in a Diagnosis form that plaintiff's
13  current GAF was 50.").  But a GAF rating, while helpful to the ALJ, is not
14  dispositive evidence of disability.  The ALJ did not err by failing to specifically
15  discuss the GAF ratings assigned by either Dr. Enge or Dr. Hudson.  "[A]n ALJ is
16  not required to give controlling weight to a treating physician's GAF score; indeed,
17  an ALJ's failure to mention a GAF score does not render his assessment of a
18  claimant's RFC deficient."  *Chavez v. Astrue*, 699 F. Supp. 2d 1125, 1135 (C.D. Cal.
19  2009) (citation omitted); *accord Baker v. Astrue*, 2009 WL 279085, at *3 (C.D. Cal.
20  Feb. 4, 2009) ("In evaluating the severity of a claimant's mental impairments, a

---

[2/]  A GAF rating of 61-70 indicates "[s]ome mild symptoms (e.g., depressed mood and mild insomnia) OR some difficulty in social, occupational, or school functioning (e.g., occasional truancy, or theft within the household), but generally functioning pretty well, has some meaningful interpersonal relationships." Am. Psychiatric Ass'n, *Diagnostic and Statistical Manual of Mental Disorders* 34 (4th Ed. 2000) (emphasis omitted).  A GAF score of 41-50 indicates "[s]erious symptoms (e.g., suicidal ideation, severe obsessional rituals, frequent shoplifting) OR any serious impairment in social, occupational, or school functioning (e.g., no friends, unable to keep a job)." *Id.* (emphasis omitted).

GAF score may help guide the ALJ's determination, but an ALJ is not bound to consider it." (citation omitted)).  Even if plaintiff's GAF rating were dispositive evidence of disability, plaintiff's reliance on her current GAF rating to establish changed circumstances is without merit, as the record indicates that plaintiff's GAF rating did not materially change.  Indeed, on January 28, 2004, plaintiff's treating physician Imelda Alfonso, M.D. diagnosed plaintiff with a GAF score of 50 – identical to the GAF score assigned by Drs. Enge and Hudson after the prior decision.  *See* Decision and Order, *Rubio v. Astrue*, No. 5:07-cv-01106-CW, at 6 (C.D. Cal. Aug. 8, 2008), ECF No. 18.  And again, whatever her GAF rating, plaintiff failed to meet her burden to demonstrate her substance abuse is no longer a contributing factor material to the determination of disability.

        Finally, plaintiff's argument that the ALJ failed to properly develop the record is without merit.  An ALJ has an affirmative "duty to fully and fairly develop the record and to assure that the claimant's interests are considered . . . even when the claimant is represented by counsel." *Celaya v. Halter*, 332 F.3d 1177, 1183 (9th Cir. 2003) (internal quotation marks and citation omitted).  If the evidence is ambiguous or inadequate to permit a proper evaluation of a claimant's impairments, the ALJ has a duty to "conduct an appropriate inquiry." *Smolen v. Chater*, 80 F.3d 1273, 1288 (9th Cir. 1996); *accord Tonapetyan*, 242 F.3d at 1150; *Webb v. Barnhart*, 433 F.3d 683, 687 (9th Cir. 2005) ("ALJ's duty to supplement a claimant's record is triggered by ambiguous evidence [or] the ALJ's own finding that the record is inadequate" (citation omitted)).  Here, any ambiguity or inadequacy of the record to demonstrate changed circumstances is attributable to plaintiff.  On February 1, 2008, consultative examiner Cory A. Brown, Psy.D., noted that plaintiff "failed to cooperate by not returning paperwork."  AR at 207.  Dr. Brown also noted that he attempted to contact Dr. Enge to gain further treatment evidence but the phone number provided by plaintiff on her Disability Report form was incorrect.  *Id.*  Also, "for reasons unknown" (JS at 25), plaintiff failed to cooperate and attend a scheduled psychiatric

consultative examination on June 2, 2008. *See* AR at 12, 14, 215-16, 217-27, 229. The court fails to see what more the ALJ could have done to develop the record given plaintiff's non-cooperation. In any event, plaintiff ultimately "bears the burden of proving that drug or alcohol addiction is not a contributing factor material to [her] disability" (*Parra v. Astrue*, 481 F.3d 742, 748 (9th Cir. 2007)), and it was plaintiff's burden to prove changed circumstances. *See Chavez*, 844 F.2d at 693. Plaintiff failed to carry this burden.

In short, because plaintiff has failed to prove changed circumstances as to her substance abuse, plaintiff has failed to rebut the presumption of continuing non-disability. The evidence in the record was fully considered by the ALJ, who correctly found that plaintiff had not provided sufficient evidence to change the prior decision. The ALJ's interpretation of the evidence was reasonable and supported by substantial evidence. Accordingly, the court will not disturb it.

## V.

## **CONCLUSION**

IT IS THEREFORE ORDERED that Judgment shall be entered AFFIRMING the decision of the Commissioner denying benefits, and dismissing this action with prejudice.

DATED: November 1, 2011

_____
HON. SHERI PYM
UNITED STATES MAGISTRATE JUDGE